Filed 6/3/26  Altbaum v. State of Cal. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CHRIS ALTBAUM et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>Defendant and Respondent. | D085207<br><br><br>(Super. Ct. No. 37-2024-00003904-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Affirmed.

Leroy George Siddell, in pro. per., and for Plaintiffs and Appellants.

Rob Bonta, Attorney General, Tamar Pachter, Assistant Attorney General, Lisa W. Chao, Angela K. Zugman, and Kara Siegel, Deputy Attorneys General, for Defendant and Respondent.

The trial court sustained without leave to amend Defendant State of California's demurrer to Plaintiffs Chris Altbaum; Royal Pawn, Inc.; and Leroy George Siddell's complaint challenging the constitutionality of California Assembly Bill No. 28, which imposes an excise tax upon firearms dealers, firearms manufacturers, and ammunition vendors from the retail sale in California of firearms, firearm precursor parts, or ammunition.

(See Assembly Bill No. 28 (2023-2024 Reg. Sess.) § 7.)  Plaintiffs assert several reasons the court purportedly erred in doing so.

First, Plaintiffs contend they have standing.  We conclude they do not. The Supreme Court's recent decision in *Taking Offense v. State of California* (2025) 18 Cal.5th 891 confirms Plaintiffs lack taxpayer standing under Code of Civil Procedure section 526a, Plaintiffs lack standing as private attorneys general, Article III and public-interest standing are inapplicable to this matter, and Plaintiffs forfeited any claim of common-law taxpayer standing by failing to assert that argument until their supplemental letter brief and not developing it.  Accordingly, Plaintiffs failed to carry their burden of adequately pleading standing.

Second, Plaintiffs argue section 32 of article XIII of the California Constitution—California's "pay first, litigate later" rule—does not bar their claims.  We disagree.  The narrow exception to the rule does not apply because the State plausibly could prevail over Plaintiffs' challenge.  Plaintiffs thus cannot challenge the tax without first paying it.

Third, Plaintiffs argue the trial court abused its discretion in denying leave to amend.  We determine otherwise.  Plaintiffs were required to pay the tax before bringing suit.  As they sued before the tax went into effect, they cannot allege compliance with this prerequisite.  Accordingly, leave to amend would have been futile.

Given these conclusions, we need not reach Plaintiffs' constitutional arguments.  We therefore affirm.

I.

Effective January 1, 2024, Revenue and Taxation Code section 36011, which codifies Assembly Bill No. 28, provides that, "[c]ommencing July 1, 2024, an excise tax is hereby imposed upon licensed firearms dealers,

2

firearms manufacturers, and ammunition vendors, at the rate of 11 percent of the gross receipts from the retail sale in this state of any firearm, firearm precursor part, or ammunition." (Added by Stats. 2023, ch. 231, § 7.)

On January 26, 2024, before section 36011's excise tax came into effect, Plaintiffs filed the underlying complaint. In the complaint, Plaintiffs alleged they are taxpayers. They contended Altbaum and Royal Pawn, Inc. "possess Federal Firearm licenses[,] are authorized to buy and sell guns," and will be monetarily damaged by Assembly Bill No. 28. They also alleged Siddell, "a gun owner and collector" who "will be damaged by having to pay [an] extra 20% each time he adds guns to his collection," brings suit as a private attorney general. They claimed Assembly Bill No. 28 is an unconstitutional "gun control attempt" at odds with *New York State Rifle & Pistol Association, Inc. v. Bruen* (2022) 597 U.S. 1 that violates due process, and they sought to permanently enjoin the State from enforcing Assembly Bill No. 28. They also sought a declaration that Assembly Bill No. 28 "be declared as null and void," attorney fees under Code of Civil Procedure section 1021.5, costs, and monetary damages.

The State moved to strike portions of and demurred to the complaint. The State contended Plaintiffs' claims were barred by article XIII, section 32 of the California Constitution, which provides: "No legal or equitable process shall issue in any proceeding in any court against this State or any officer thereof to prevent or enjoin the collection of any tax. After payment of a tax claimed to be illegal, an action may be maintained to recover the tax paid, with interest, in such manner as may be provided by the Legislature." The State also claimed Plaintiffs lacked standing to seek declaratory relief, the Government Claims Act barred the requested damages, Plaintiffs failed to

3

allege any Second Amendment or due process violation, and the proper defendant is the Department of Tax and Fee Administration.

Plaintiffs opposed, arguing section 32 violates the U.S. Constitution's Supremacy Clause, they had taxpayer standing under Code of Civil Procedure section 526a, they complied with the Government Claims Act, the complaint adequately alleged Assembly Bill No. 28 violates the Second Amendment, and they sued the proper party.

In reply, the State contended Plaintiffs failed to satisfy the narrow exception to section 32, they do not and cannot seek standing under section 526a, and they cannot bring representative tax claims.

Following an unreported hearing, the trial court adopted its tentative ruling sustaining the demurrer without leave to amend. The court concluded section 32 barred Plaintiffs' claims because Plaintiffs did not satisfy the narrow exception to its applicability. The court also found section 526a could not confer standing given it was inapplicable absent an allegation of "'any illegal expenditure of, waste of, or injury to, the estate, funds or other property of a local agency.'" (Quoting § 526a(a).) The court additionally "believe[d] the excise tax is not unconstitutional." Because "Plaintiffs cannot cure their failure to exhaust administrative remedies before bringing this action," the court sustained the demurrer without leave to amend and entered judgment against Plaintiffs.

Plaintiffs appealed. After briefing was complete in this matter, we requested supplemental briefing from all parties about the impact on this appeal of two subsequently decided Supreme Court opinions: *Taking Offense* and *Morgan v. Ygrene Energy Fund, Inc*. (2025) 18 Cal.5th 1061.

4

II.

Plaintiffs raise several arguments as to why the trial court erred in sustaining the State's demurrer without leave to amend. We conclude, as did the trial court, that they lack standing, their claims are barred by section 32, and these defects cannot be cured by amendment. We accordingly affirm on that basis without reaching the other grounds Plaintiffs raise.

We review de novo an appeal of a dismissal order following the sustaining of a demurrer. (*The Travelers Indemnity Company of Connecticut v. Navigators Specialty Insurance Company* (2021) 70 Cal.App.5th 341, 353.) "We assume the truth of all properly pled factual allegations and matters that are judicially noticeable" and "liberally construe the complaint's allegations." (*Jimenez v. Mrs. Gooch's Natural Food Markets, Inc.* (2023) 95 Cal.App.5th 645, 653.)

A.

Plaintiffs, who have the burden to establish standing (*Taking Offense*, 18 Cal.5th at p. 911), claim in their opening brief that they have standing on multiple theories, namely (1) under Code of Civil Procedure section 526a(a), (2) as private attorneys general or under a "public interest" theory, and (3) under Article III, given the "direct and imminent harm to [their] Second Amendment Rights." (Bolding and some capitalization omitted.) We disagree.

1.

In their opening brief, Plaintiffs argue they have standing to sue under Code of Civil Procedure section 526a(a). This section provides that "[a]n action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds or other property of a local agency, may be maintained against any officer thereof, or any agent, or

5

other person, acting in its behalf, either by a resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax that funds the defendant local agency."  Following *Taking Offense*'s clarification "that section 526a, as amended in 2018, does not afford standing to sue state entities or officials" (*Taking Offense*, 18 Cal.5th at p. 919), Plaintiffs conceded they lack standing under section 526a.  We accept the concession and conclude Plaintiffs lack standing under section 526a to sue the State, the only named defendant.

2.

Plaintiffs further argue they have standing as private attorneys general under Code of Civil Procedure section 1021.5 or "based on public interest considerations."  But section 1021.5 is merely an attorney fee provision and does not independently confer standing to bring an action.  And "'[t]here is no general "public interest" exception to the requirement of standing.'"  (*Spotlight on Coastal Corruption v. Kinsey* (2020) 57 Cal.App.5th 874, 883.)  "Public interest standing . . . is available only in a mandate proceeding, not in an ordinary civil action."  (*People ex rel. Becerra v. Superior Court* (2018) 29 Cal.App.5th 486, 503.)  While *Taking Offense* declined to address whether the plaintiff had "'public interest' standing," *Taking Offense* involved a petition for writ of mandate, so standing on that basis was potentially available there.  (*Taking Offense*, 18 Cal.5th at p. 920.)  The same is not true here.  Accordingly, we conclude Plaintiffs lack private attorney general or public interest standing.

3.

Finally, Plaintiffs argue they have "Article III standing" to challenge the excise tax prepayment given they allege "direct and imminent harm to

[their] Second Amendment rights." (Bolding and some capitalization omitted.) In their supplemental brief, Plaintiffs further claim—for the first time—that they have common-law taxpayer standing. We are unconvinced.

As an initial matter, "California courts are not constrained by [A]rticle III standing," which imposes federal requirements. (*Kashanian v. National Enterprise Systems, Inc.* (2025) 114 Cal.App.5th 1037, 1047.) While Plaintiffs contend that common-law taxpayer standing is one of their "standing theories," they failed to raise this basis for standing until their supplemental brief. And even in their supplemental brief, Plaintiffs do not develop the argument but instead merely request the opportunity for further briefing on the issue. We therefore conclude they have forfeited this basis for standing. (*Golden Door Properties, LLC v. County of San Diego* (2020) 50 Cal.App.5th 467, 518 [issues not raised in opening brief forfeited].)

Accordingly, Plaintiffs fail to carry their burden to allege standing adequately.

## B.

Even if some basis for standing existed here, we conclude section 32 of article XIII of the California Constitution bars Plaintiffs' action.

In *Morgan*, homeowners who entered into Property Assessed Clean Energy (PACE) loans sued the private entities with which local governments contracted to administer their PACE contracts. The homeowners sought various remedies, including an order prohibiting the entities from collecting delinquent assessments and directing them to repay collected assessments. (*Morgan*, 18 Cal.5th at p. 1069.) The Supreme Court affirmed in part and reversed in part the trial court's sustaining of the homeowners' demurrer without leave to amend. (*Id.* at pp. 1069-1070, 1073.)

7

The high court explained that section 32's "pay first, litigate later" rule "applies whether a taxpayer challenges a tax directly, by expressly seeking to prevent or enjoin its collection, or indirectly, by pursuing other relief that would have the same effect," because "any other approach would shortchange the weighty interests underlying the prohibition on tax injunctions." (*Morgan*, 18 Cal.5th at pp. 1074-1075.) This rule extends to a declaration that a tax is uncollectable. (*Id.* at p. 1075.) Because "allow[ing] [the homeowners] to pursue the claims in their complaint would effectively invalidate the PACE assessments," "the Revenue and Taxation Code requires them to make that argument to local tax authorities, employing the procedures the Legislature has established for challenging taxes." (*Id.* at p. 1082.) But to the extent the homeowners sought "relief other than relief from their obligation to pay PACE assessments"—for example, challenging the manner in which the entities administered the PACE program—*Morgan* concluded their claims were not barred by the "pay first, litigate later" rule. (*Id.* at pp. 1087-1088.) "Because it may be possible for [the homeowners] to bring [other] claims related to the conduct of PACE administrators without implicating the validity of the PACE assessments," the high court remanded for the trial court to consider whether to grant the homeowners leave to amend their complaint. (*Id.* at p. 1088.)

Here, Plaintiffs seek to invalidate the firearm and ammunition excise tax because they allege it is unconstitutional. *Morgan* thus controls here. We are unconvinced by Plaintiffs' attempts to distinguish their case from *Morgan* given the sweeping scope of its holding.

To the extent Plaintiffs contend the Supremacy Clause of the U.S. Constitution overrides section 32, we disagree on this record. Prepayment challenges are permitted only "in 'those situations in which it is clear that

8

"'under no circumstances' can the government prevail."'" (*Calfarm Ins. Co. v. Deukmejian* (1989) 48 Cal.3d 805, 839.) This exception is of "extremely narrow scope." (*Id.* at p. 839, fn. 32.) Plaintiffs fail to develop this issue and have accordingly forfeited it. (*LAOSD Asbestos Cases* (2023) 87 Cal.App.5th 939, 955.) At any rate, a similar excise tax has been enshrined in federal law for more than 70 years. (26 U.S.C. § 4181.) Because it is plausible the State could prevail on this challenge, the exception does not apply.

In short, Plaintiffs' action is barred by California's "pay first, litigate later" rule.

## C.

Plaintiffs contend the court abused its discretion in sustaining the demurrer without leave to amend. We disagree.

We review a trial court's decision to sustain a demurrer without leave to amend for abuse of discretion. (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) Plaintiffs bear the burden of proving amendment could cure the pleading's defects. (*Ibid.*) To meet this burden on appeal, Plaintiffs must identify facts they "could plead to state a cause of action if allowed the opportunity to replead" and "demonstrate how those facts establish a cause of action." (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 890.)

Plaintiffs argue "the existing allegations provided a plausible foundation for a [42 U.S.C. section] 1983 claim, and any deficiencies could readily have been addressed through amendment." But Plaintiffs fail to explain how amending the complaint to state a section 1983 claim would cure the standing deficiencies or the section 32 bar discussed in this opinion. Accordingly, Plaintiffs have not carried their burden to prove amendment

9

would not be futile, so they have not convinced us the trial court erred in sustaining the demurrer without leave to amend.

In light of our conclusions, we do not need to reach Plaintiffs' claims concerning the constitutionality of Assembly Bill No. 28.

## III.

We affirm. The State of California shall recover its costs on appeal.


CASTILLO, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

10